JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
San Francisco Baykeeper, a non-profit corporation

### DEFENDANTS
County of San Mateo, and Burlingame Hills Sewer Maintenance District

**(b)** County of Residence of First Listed Plaintiff  San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Mateo
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Daniel Cooper
Lawyers for Clean Water, Inc.
1004 O'Reilly Avenue
San Francisco, CA 94129

Attorneys (If Known)

E-filing    BZ    ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☒ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
33 USC §§ 1251 et sec (Clean Water Act)
Brief description of cause:
Citizen enforcement for violations of Clena Water Act prohibitions on discharging pollutant to waters of the United States

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE 8/19/08

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1  Daniel Cooper (Bar No. 153576)
   Drevet Hunt (Bar No. 240487)
2  LAWYERS FOR CLEAN WATER, INC.
   1004-A O'Reilly Avenue
3  San Francisco, California 94129
   Telephone: (415) 440-6520
4  Facsimile: (415) 440-4155
   Email: cleanwater@sfo.com
5

6  Brian Gaffney (Bar No. 168778)
   LAW OFFICES OF BRIAN GAFFNEY
7  605 Market Street, Suite 505
   San Francisco, California 94105
8  Telephone: (415) 442-0711
   Facsimile: (415) 442-0713
9  Email: brian@gaffneylegal.com
10

11 Amy Chastain (Bar No. 235745)
   SAN FRANCISCO BAYKEEPER
12 785 Market Street, Suite 850
   San Francisco, CA 94103
13 Telephone: (415) 856-0444 x 106
   Facsimile: (415) 856-0443
14 Email: amy@baykeeper.org

15 Attorneys for Plaintiff
16 SAN FRANCISCO BAYKEEPER

FILED 08 AUG 19 AM 11:15 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

E-filing

BZ

17                UNITED STATES DISTRICT COURT
18                NORTHERN DISTRICT OF CALIFORNIA

CV 08 3951

| | |
|---|---|
| 20  SAN FRANCISCO BAYKEEPER, a non-profit corporation, | Civil Case No.: |
| 21            Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND CIVIL PENALTIES** |
| 22  v. | |
| 23  COUNTY OF SAN MATEO, and BURLINGAME HILLS SEWER MAINTENANCE DISTRICT; | |
| 24 | **(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.*)** |
| 25            Defendants. | |

Complaint                                                                                        1

San Francisco Baykeeper (Baykeeper) by and through its counsel, hereby allege:

## I. JURISDICTION AND VENUE

1. This is a civil suit brought under the citizen suit enforcement provisions of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* (the Clean Water Act or the CWA). This Court has subject matter jurisdiction over the parties and subject matter of this action pursuant to section 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1), and 28 U.S.C. § 1331 (an action for declaratory and injunctive relief arising under the Constitution and laws of the United States).

2. On June 5, 2008, Baykeeper sent a 60-day notice letter (hereinafter referred to as Notice Letter) to San Mateo County and the Burlingame Hills Sewer Maintenance District governing body – the San Mateo County Board of Supervisors – regarding Defendants' violations of the Clean Water Act and Baykeeper's intention to file suit against Defendants. Pursuant to section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Baykeeper also served the Notice Letter on the Administrator of the United States Environmental Protection Agency (EPA), the Administrator of EPA Region IX, the Executive Director of the State Water Resources Control Board (State Board), the Executive Officer of the Regional Water Quality Control Board, San Francisco Bay Region (Regional Board), and the United States Attorney General. The Notice Letter is incorporated herein by reference.

3. More than sixty days have passed since the Notice Letter was served on the Defendants and the required State and Federal agencies. Baykeeper is informed and believes, and thereon alleges, that neither the EPA nor the State of California has commenced or is diligently prosecuting an action to redress the violations alleged in this complaint.

4. Venue is proper in the Northern District of California pursuant to section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because the source of the violations is located within this judicial district.

## II. INTRADISTRICT ASSIGNMENT

5. Pursuant to Local Rule 3-2(c), intradistrict assignment of this matter to the San Francisco Division of the Court is appropriate in that the events or omissions which give rise to Baykeeper's claims occurred in San Mateo County. In addition, many of Baykeeper's members reside in the City and County of San Francisco and the County of San Mateo. No event or omission giving rise to

1 Baykeeper's claims occurred in any other Division of this Court.

## III. INTRODUCTION

6. The violations alleged herein concern unpermitted discharges of raw sewage and discharges from the sewage collection system in and around the unincorporated community of Burlingame Hills to the municipal separate storm sewer system (MS4), to area creeks and streams, and to San Francisco Bay.

7. The specific CWA violations at issue are: (1) discharges of pollutants to waters of the United States without NPDES Permit authorization in violation of CWA section 301(a), 33 U.S.C. § 1311(a); and (2) violations of National Pollutant Discharge Elimination System (NPDES) Permit No. CAS0029921, Order No. R2-2003-0023, amending Order No. 99-059 (hereinafter the MS4 Permit) in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

8. The Burlingame Hills sewage collection system is a satellite system where wastewater is conveyed through sewer mains to a wastewater treatment plant operated by the City of Burlingame. Burlingame Hills Sewer Maintenance District and/or San Mateo County do not own or operate a wastewater treatment plant that treats sewage collected in Burlingame Hills.

9. The MS4 Permit regulates municipal storm water discharges to and from the storm drain system within the boundaries of Burlingame Hills ("Burlingame Hills MS4"). As explained further below, the Burlingame Hills MS4 is owned, operated, and/or maintained by the County of San Mateo. The Burlingame Hills MS4 consists of numerous storm drain inlets that lead to underground storm drain pipes, which in turn, discharge to waters of the United States.

## IV. PARTIES

10. Plaintiff Baykeeper is a non-profit public benefit corporation whose mission is to protect and enhance the water quality of the San Francisco Bay-Delta Estuary and its tributaries for the benefit of its ecosystems and the surrounding human communities. Baykeeper accomplishes its mission through education, advocacy, restoration, and enforcement. Baykeeper's office is located at 785 Market Street, Suite 850, in San Francisco, California.

11. The discharge of sewage in Burlingame Hills is a threat to human health and the environment, and adversely impacts Baykeeper's members' use and enjoyment of water bodies in and

Complaint                                                                                   3

1 around the Burlingame Hills area, including San Francisco Bay.

2 12. Baykeeper's members use and enjoy the beaches and waters in and around Burlingame Hills, including, but not limited to, Mills Creek, Easton Creek, Central San Francisco Bay, and the greater San Francisco Bay and its tributaries (these waters are collectively hereinafter referred to as the Receiving Waters).

13. Baykeeper's members use and enjoy San Francisco Bay area waters for recreational, scientific, aesthetic, educational, conservation and commercial purposes. Specifically, Baykeeper's members sail, swim, windsurf, picnic, fish, hike and enjoy the wildlife in and around the Receiving Waters.

14. Baykeeper's members' use and enjoyment of the Receiving Waters, and all tributaries to such waters (given that pollutants discharged to tributaries will flow into the Receiving Waters directly used by Baykeeper's members), has been and continues to be adversely impacted by ongoing sewer overflows and discharges of storm water contaminated with sewage to the Receiving Waters. The discharge of pollutants to the Receiving Waters has deleterious effects on those water bodies. Degradation of water quality and harm to aquatic life in any of the Receiving Waters impairs Baykeeper's members' use and enjoyment of those waters.

15. The interests of Baykeeper's members have been, are being, and will continue to be adversely affected by Defendants' failure to comply with the Clean Water Act. Baykeeper has no other adequate remedy at law.

16. Defendant County of San Mateo is a political subdivision of the State of California. Defendant County of San Mateo's Department of Public Works operates the Burlingame Hills sewage collection system and owns and operates the Burlingame Hills MS4. San Mateo Public Works personnel respond to citizen complaints of SSOs, and conduct routine maintenance, cleaning, and inspection of the Burlingame Hills sewage collection system and the Burlingame Hills MS4.

17. Defendant Burlingame Hills Sewer Maintenance District is a special district as defined by California Government Code section 16271(d). The San Mateo County Board of Supervisors serves as the governing board of the Burlingame Hills Sewer Maintenance District and San Mateo County's Department of Public Works maintains the Burlingame Hills sewage collection system. Baykeeper is

Complaint 4

1  informed and believes, and thereon alleges, that the Burlingame Hills Sewer Maintenance District
2  owns and/or operates the Burlingame Hills sewage collection system.

## V. STATEMENT OF FACTS

### A. Burlingame Hills Sanitary Sewage Collection System

18. Burlingame Hills is located on the San Francisco Peninsula. The boundaries are approximately Canyon Drive and Summit Drive in the south, Skyline Boulevard in the west, Hillside Drive and Adeline Drive in the north, and Alvarado Avenue in the east.

19. Burlingame Hills is one of ten sewer/sanitation districts for which the San Mateo County Board of Supervisors serves as the governing body. The San Mateo County Board of Supervisors sets the sewer rates for property owners in the Burlingame Hills area.

20. Baykeeper is informed and believes, and thereon alleges, that the Burlingame Hills sewage collection system is a gravity system, with approximately 5 miles of 6-inch to 8-inch diameter vitrified clay pipes that are over 50-years old, and 2.2 miles of sewer mains located in easements.

21. Baykeeper is informed and believes, and thereon alleges, that the Burlingame Hills sewage collection system has three main trunk sewers, which divides Burlingame Hills into three major drainage areas. The City of Burlingame receives the wastewater at the three trunk sewers and transfers it to the City of Burlingame waste water treatment plant (WWTP), which processes the wastewater prior to discharging it to the San Francisco Bay.

22. Based upon reports submitted by Defendants, Baykeeper alleges that Defendants have spilled sewage from sanitary sewer overflows (SSOs) from the Burlingame Hills sewage collection system on at least 30 separate occasions since June 5, 2003.

23. Baykeeper is informed and believes, and thereon alleges that these sewage discharges are ongoing.

24. Based upon reports submitted by Defendants, Baykeeper alleges that sewage from SSOs has repeatedly reached the Receiving Waters through the Burlingame Hills storm sewer system. The Burlingame Hills storm sewer system discharges directly to area waters, including Mills Creek and Easton Creek, which are tributaries of the San Francisco Bay. Therefore, Defendants' discharge to the storm drain will eventually drain to the San Francisco Bay. As such, Defendants' discharges of

Complaint                                                                                              5

1  sewage to storm drains reach Receiving Waters.

2  25.  Baykeeper is informed and believes, and thereon alleges, that Defendants discharge sewage to area sidewalks and streets, which exposes members of Baykeeper (as well as members of the general public) to substantial health risks.

26.  Baykeeper is informed and believes, and thereon alleges, that - due to the lack of an adequate monitoring program to detect, report, and address SSOs and their impacts – Defendants have experienced significantly more SSOs than they have reported.

27.  Baykeeper is informed and believes, and thereon alleges, that Defendants have taken inadequate steps to eliminate SSOs; steps which would include for example improving the decrepit, outdated, and poorly operated and maintained collection system. Because Defendants have failed to undertake appropriate and adequate measures, Defendants' sewage discharges will continue into the future.

28.  Based on Defendants' high rate of SSOs, Baykeeper is informed and believes, and thereon alleges, that the Burlingame Hills sewage collection system is deteriorating and that deferral of repairs will allow the continued discharge of raw sewage to the Receiving Waters. Every day that Defendants have discharged and continue to discharge untreated sewage into area Receiving Waters is a separate and distinct violation of the CWA.

**B.  Burlingame Hills MS4**

29.  The MS4 Permit regulates the County of San Mateo's municipal storm water discharges in the Burlingame Hills area (as well as other MS4 systems in San Mateo County). The Burlingame Hills MS4 consists of numerous storm drain inlets that lead to underground storm drain pipes which in turn are directed to San Francisco Bay without treatment.

30.  The County of San Mateo has joined with twenty cities and towns in San Mateo County to form the San Mateo Countywide Stormwater Pollution Prevention Program ("STOPP"). STOPP submitted a NPDES permit application and was granted a NPDES permit in 1993, which was reissued in 1999 and amended in 2003. STOPP's NPDES permit regulates discharges into and out of the Burlingame Hills MS4. Specifically, the County of San Mateo is required to prohibit the discharge of non-storm water into the storm drain system. Further, the MS4 Permit contains Receiving Water

Complaint                                                                                                                    6

Limitations, including prohibitions on discharges that cause deleterious effects on aquatic biota, wildlife, or waterfowl, that render any of these unfit for human consumption, or that cause or contribute to violations of water quality standards.

31. Raw sewage in the form of SSOs is discharged into the Burlingame Hills MS4 from the Burlingame Hills sewage collection system. Baykeeper is informed and believes, and thereon alleges, that sewage spills from the Burlingame Hills sanitary sewage collection system regularly enter the Burlingame Hills MS4. A separate violation of the MS4 Permit occurs each time raw sewage is discharged into the Burlingame Hills MS4.

### C. Impacts to the Receiving Waters

32. San Francisco Bay is an ecologically sensitive water body and a defining feature of Northern California. San Francisco Bay is an important and heavily used resource, with special aesthetic and recreational significance for people living in the surrounding communities. Aquatic sports are very popular in the Bay Area year-round. The San Francisco Bay shoreline has numerous highly valued lagoons with beaches and public access that offer unique recreational opportunities for swimmers, kayakers, windsurfers, and kiteboarders. The large-scale urbanization of the Bay Area makes these recreational and aesthetic uses even more important to the quality of life of Bay Area residents.

33. San Francisco Bay's water quality is impaired and continues to decline. The Bay's once-abundant and varied fisheries and species have been drastically diminished by pollution. Much of the wildlife habitat of the Bay has also been degraded.

34. Spills of raw sewage and discharges of sewage-contaminated storm water harm San Francisco Bay and pose a serious risk to fisheries, wildlife habitat, and human health. In addition to human waste and bacteria, SSOs contain chemicals that cause cancer or reproductive toxicity. These chemicals come from solvents, detergents, cleansers, inks, pesticides, paints, pharmaceuticals, and other chemicals used by households and businesses and then discarded to sewage collection systems. High concentrations of these pollutants are typically found in discharges of raw sewage.

35. The intensive use of San Francisco Bay for commercial and sport fishing, shellfish harvesting, and water-contact recreation increases the likelihood that people will come into direct

contact with spilled sewage and the pollutants it contains. Sewage pollution also affects people who eat fish caught in the Bay. Persistent toxic chemicals present in sewage, such as polybrominated diphenyl ethers, accumulate in San Francisco Bay organisms and are concentrated in the San Francisco Bay's food web, which means that concentrations of these contaminants are magnified in fish and birds farther up the food chain and may ultimately be transferred to human consumers. Contamination of fish is particularly damaging to minority and poor people, who typically eat a greater-than-average amount of fish from the Bay.

36. SSOs that do not directly reach San Francisco Bay still pose significant health risks by depositing raw sewage in public streets, public buildings and grounds, and private yards and homes. SSOs contain large concentrations of bacteria, viruses, mold spores, and protozoa. Exposure to raw or partially treated sewage can cause a variety of health problems, including gastroenteritis, respiratory illness, ear, nose, and throat problems, and skin rashes. Mold spores can establish an ecological niche when they are carried onto a homeowner's property during a sanitary sewer overflow, creating an ongoing health risk from chronic exposure. Residential sewage overflows diminish property values and impose severe nuisance on local residents.

## VI. LEGAL BACKGROUND

### A. The Clean Water Act

37. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant into waters of the United States unless the discharge complies with various enumerated sections of the CWA. Among other things, section 301(a) prohibits discharges that violate or are not authorized by the terms of a NPDES permit issued pursuant to section 402 of the CWA, 33 U.S.C. § 1342. 33 U.S.C. § 1311(a).

38. Clean Water Act section 402(p), 33 U.S.C. § 1342(p), establishes a framework for regulating municipal storm water discharges under NPDES permits. Section 402(p) of the CWA requires a NPDES permit for storm water discharges from a MS4 to waters of the United States. 33 U.S.C. § 1342(p).

39. Section 505(a)(1) of the CWA provides for citizen enforcement actions against any "person," including individuals acting in their official state capacity, for violations of NPDES permit

Complaint 8

requirements and for unpermitted discharges of pollutants. 33 U.S.C. §§ 1365(a)(1) and 1362(5).

40. An action for injunctive relief under the CWA is authorized by section 505(a) of the CWA. 33 U.S.C. §1365(a). Violators of the CWA are also subject to an assessment of civil penalties of up to $27,500 per day per violation of the CWA for violations of the CWA occurring prior to March 15, 2004 and $32,500 for all violations occurring on or after March 15, 2004. 33 U.S.C. § 1319(d) and 40 C.F.R. §§ 19.1 - 19.4.

41. The CWA also authorizes the award of reasonable attorneys' fees and costs (including witness and consultant fees). 33 U.S.C. § 1365(d).

**B.    MS4 Permit Requirements**

42. Clean Water Act section 402(p), 33 U.S.C. § 1342(p), establishes a framework for regulating municipal storm water discharges under NPDES permits. Section 402(p) of the CWA requires a NPDES permit for storm water discharges from a municipal separate storm sewer system to waters of the United States. The MS4 Permit regulates the Burlingame Hills municipal storm water discharges (as well as discharges from other MS4 systems in San Mateo County). The Burlingame Hills MS4 consists of numerous storm drain inlets that lead to underground storm drain pipes, which in turn discharge to San Francisco Bay.

43. The MS4 Permit contains certain absolute prohibitions. Discharge Prohibition A.1 of the MS4 Permit prohibits the discharge of non-storm water (material other than storm water) into the Burlingame Hills MS4.

44. Further, the MS4 Permit contains Receiving Water Limitations, including prohibitions on discharges that cause deleterious effects on aquatic biota, wildlife, or waterfowl, that render any of these unfit for human consumption, or that cause or contribute to violations of water quality standards. *See* MS4 Permit, Receiving Water Limitations, B.1.e. and B.2.

**FIRST CAUSE OF ACTION**

**Claim Against County of San Mateo and Burlingame Hills Sewer Maintenance District for Discharges of Pollutants Without a NPDES Permit in Violation of Section 301(a) of the CWA, 33 U.S.C. § 1311(a)**

45. Plaintiff realleges, as if set forth fully herein, each and every allegation contained in the

Complaint                                                                                                        9

1  preceding paragraphs.

2  46.  The Burlingame Hills Sewer Maintenance District, as owner of the Burlingame Hills sewage collection system, and the County of San Mateo, as operator of the Burlingame Hills sewage collection system, have been discharging and continue to discharge untreated sewage from the Burlingame Hills sewage collection system into the Receiving Waters since at least June 5, 2003. At no point have either the County of San Mateo or the Burlingame Hills Sewer Maintenance District obtained a permit that authorizes the discharge of untreated sewage from the Burlingame Hills sewage collection system to waters of the United States. Therefore, each and every discharge of untreated sewage from the Burlingame Hills sewage collection system is a discharge in violation of CWA section 301, 33 U.S.C. § 1311.

47.  The County of San Mateo and the Burlingame Hills Sewer Maintenance District have violated the discharge prohibition of CWA section 301(a) by discharging untreated sewage in the form of SSOs without NPDES permit authorization to waters of the United States on at least 30 separate occasions since 2003. Each SSO is a separate CWA violation and these violations are continuing.

48.  Plaintiff Baykeeper is informed and believes, and thereon alleges, that the County of San Mateo and the Burlingame Hills Sewer Maintenance District have been underreporting the number of SSOs that take place from the Burlingame Hills sewage collection system and that the County of San Mateo and the Burlingame Hills Sewer Maintenance District lack an adequate monitoring program to detect, report, and address SSOs and their impacts. Baykeeper is informed and believes, and thereon alleges, that significantly more SSOs will be discovered through this enforcement action. Each additional SSO will be a separate CWA violation.

49.  The County of San Mateo and the Burlingame Hills Sewer Maintenance District have taken inadequate affirmative steps to eliminate these CWA violations by improving the outdated, poorly operated, and poorly maintained sewage collection system. Because the County of San Mateo and the Burlingame Hills Sewer Maintenance District have failed to undertake appropriate and adequate measures, the CWA violations alleged herein will continue in the future.

50.  Each day since June 5, 2003, that the County of San Mateo and the Burlingame Hills Sewer Maintenance District have discharged, and continue to discharge, untreated sewage and other

pollutants to waters of the United States without a NPDES permit authorizing such discharges is a separate and distinct violation of CWA section 301(a), 33 U.S.C. § 1311(a).

51.  By committing the acts and omissions alleged above, the County of San Mateo and the Burlingame Hills Sewer Maintenance District are subject to an assessment of civil penalties pursuant to CWA sections 309(d) and 505(a), 33 U.S.C. §§ 1319(d) and 1365(a).

52.  An action for injunctive relief under the Clean Water Act is authorized by CWA section 505(a), 33 U.S.C. § 1365(a).  Continuing commission of the acts and omissions alleged above will irreparably harm Plaintiff and the citizens of the State of California, for which harm they have no other plain, speedy, or adequate remedy at law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**Claim Against the County of San Mateo for Non-Storm Water Entering Municipal Separate Storm Sewer System in Violation of the MS4 Permit and Clean Water Act, 33 U.S.C. § 1311(a)**

53.  Plaintiff realleges, as is set forth fully herein, each and every allegation contained in the preceding paragraphs.

54.  Discharge Prohibition A.1 of the MS4 Permit prohibits the discharge of non-storm water (material other than storm water) into the Burlingame Hills MS4.

55.  The County of San Mateo has discharged or allowed the discharge of non-storm water into the Burlingame Hills MS4 in the form of SSOs from the Burlingame Hills sewage collection system.  SSOs that enter the Burlingame Hills MS4 are not storm water but rather raw or inadequately treated sewage.

56.  The County of San Mateo has reported to the Regional Board discharges of non-storm water to the Burlingame Hills MS4 system on at least 3 separate occasions.  However, Baykeeper is informed and believes, and thereon alleges, that the County of San Mateo has allowed the discharge of non-storm water in the form of SSOs to the Burlingame Hills MS4 on more occasions than have been reported.

57.  The County of San Mateo violates the MS4 Permit and section 301(a) of the CWA every

Complaint                                                                                                                                              11

time a SSO from the Burlingame Hills sewage collection system enters the Burlingame Hills MS4. Accordingly, each day since June 5, 2003 that the County of San Mateo has failed to comply with the MS4 Permit is a separate and distinct violation of CWA section 301(a), 33 U.S.C. § 1311(a).

58. By committing the acts and omissions alleged above, the County of San Mateo is subject to an assessment of civil penalties pursuant to CWA sections 309(d) and 505(a), 33 U.S.C. §§ 1319(d) and 1365(a).

59. An action for injunctive relief under the Clean Water Act is authorized by CWA section 505(a), 33 U.S.C. § 1365(a). Continuing commission of the acts and omissions alleged above would irreparably harm Plaintiff and the citizens of the State of California, for which harm they have no other plain, speedy, or adequate remedy at law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### **RELIEF REQUESTED**

60. Baykeeper respectfully requests that this Court grant the following relief:

   a. A Court order declaring the County of San Mateo and the Burlingame Hills Sewer Maintenance District to have violated and to be in violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a), for their discharges of untreated sewage to waters of the United States, without a permit;

   b. A Court order declaring the County of San Mateo to have violated and to be in violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a), for violating the substantive and procedural requirements of the MS4 Permit and the Clean Water Act;

   c. A Court order enjoining the County of San Mateo and the Burlingame Hills Sewer Maintenance District from discharging untreated sewage to waters of the United States without a permit, in violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a);

   d. A Court order enjoining the County of San Mateo from violating the substantive and procedural requirements of the MS4 Permit and the Clean Water Act;

   e. A Court order assessing civil penalties against the County of San Mateo and the Burlingame Hills Sewer Maintenance District of up to $27,500 per day per violation of the CWA for violations of the CWA occurring prior to March 15, 2004, and $32,500 for all violations occurring on

or after March 15, 2004, for each violation of the CWA pursuant to sections 309(d) and 505(a), 33 U.S.C. §§ 1319(d) and 1365(a).

   f. A Court order awarding Baykeeper its reasonable costs of suit, including attorney, witness, and consultant fees, as provided for by sections 309(d) and 505(a) of the Clean Water Act, 33 U.S.C. §§ 1319(d) and 1365(a);

   g. Award such other relief as this Court may deem appropriate.

LAWYERS FOR CLEAN WATER, INC.

Dated: August 19, 2008

_____
Daniel Cooper
Drevet Hunt
Attorney for Plaintiff
San Francisco Baykeeper

Complaint  13